IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GABRIEL QUINTIN FRAZIER, <br> AIS 273939, <br><br> Plaintiff, <br><br> v. <br><br> SGT. KNIGHT, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 2:23-cv-338-RAH-CSC <br> )                   (WO) <br> ) <br> ) <br> ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action under 42 U.S.C. § 1983 is before the Court on Plaintiff Gabriel Quintin Frazier's Amended Complaint (Doc. 9) alleging the violation of his constitutional rights by a correctional officer at the Montgomery County Detention Facility in Montgomery, Alabama.

The Court directed Defendants to file an answer and special report addressing Frazier's claims for relief. (Doc. 10.) In compliance with the Court's orders, Defendants submitted an answer and special report supported by relevant evidentiary materials, including affidavits, in which they address Frazier's claims. (Doc. 17.) The report and evidentiary materials refute the allegations presented by Frazier. Defendants argue that Frazier's claims are due to be dismissed because (1) Frazier failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"); and (2) Frazier was not involved in a physical or verbal confrontation with a member of the detention facility staff on April 1, 2023, as he has

alleged. (Doc. 17 at 8–12.)

In light of the foregoing, the Court, on November 6, 2023, issued an order directing Frazier to file a response to Defendants' answer and written report by November 28, 2023. (Doc. 24.) The order advised Frazier that his failure to respond to the report would be treated by the court "as an abandonment of the Complaint and a failure to prosecute this action." (*Id*. at 3.) The order specifically cautioned Frazier that if he failed to file a response in compliance with the order's directives, the Magistrate Judge would recommend that a judgment be entered in favor of Defendants without further proceedings. (*Id*.)

The time allotted Frazier for filing a response in compliance with the directives of the Court's order of November 6, 2023, has long since expired. Frazier has failed to file a requisite response opposing Defendants' written report. The Court therefore finds that this case should be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Frazier's inaction in the face of Defendants' report and evidentiary materials refuting his claims suggests he does not seek to proceed with this case. It therefore appears that any additional effort by this Court to secure Frazier's compliance would be unavailing and a waste of the Court's resources. Consequently, the Court concludes that Frazier's abandonment of his claims and his failure to comply with an order of this Court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir. 1989) (as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above-stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 15, 2024.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a

party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 1st day of March, 2024.

                    /s/ Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE